JS-6      O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6101 AHM (RCx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | BENNY L. WIGLEY et al. v. AIRCRAFT SERVICE INTERNATIONAL GROUP, INC. et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:         Attorneys **NOT** Present for Defendants:

**Proceedings:**         IN CHAMBERS (No Proceedings Held)

## I.      BACKGROUND

On January 27, 2009, Plaintiffs Benny L. Wigley and Debra K. Wigley ("Plaintiffs" or "Wigley") filed a complaint against Defendants Aircraft Service International Group, Inc. ("ASI") and China Cargo Airlines, Ltd., ("China Cargo") in Los Angeles Superior Court for negligence and loss of consortium. Plaintiffs allege that on March 2, 2007 at the Los Angeles International Airport Defendants negligently and carelessly directed, instructed, operated, and controlled an aircraft that caused a jet blast that blew several large cargo containers which struck and injured Plaintiff Benny L. Wigley.

On August 20, 2009, Defendants filed a Notice of Removal, and on September 2, 2009, filed an "Amended Notice of Removal." Plaintiffs now move to remand the action back to state court on the grounds that the removal was untimely.

The parties do not dispute the facts of this case; the central points on which they disagree are (1) when Defendants had notice that the action was removable, and (2) whether the second Notice of Removal should be considered an "amendment" to the first.

Below is a complete chronology of the events leading up to this motion:

| Date | Event |
|---|---|
| March 2, 2007 | Incident at Los Angeles International Airport. |

JS-6          O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6101 AHM (RCx) | Date | November 30, 2009 |
| --- | --- | --- | --- |
| Title | BENNY L. WIGLEY et al. v. AIRCRAFT SERVICE INTERNATIONAL GROUP, INC. et al. | | |

| | |
| --- | --- |
| May 10, 2007 | Plaintiffs' counsel sends letters to Defendants advising them of his representation of Mr. Wigley.  Attached to the letter are copies of the Airport Police Division Injury Report, which indicates that Mr. Wigley holds an Oklahoma driver's license. (Cathcart Decl. ¶ 3, Exh. A.) |
| July 13, 2007 | Plaintiffs' counsel, responding to Defendant ASI's request, provides ASI with another copy of the Airport Police Division Injury Report.  (Motion at 3.) |
| January 27, 2009 | Plaintiffs file their Complaint in Los Angeles Superior Court. The Complaint does not make any mention of Plaintiffs' residence or citizenship, but states that alleged incident occurred while Mr. Wigley was "performing his usual and customary duties as a professional loadmaster at Los Angeles International Airport."  (Complaint ¶ 6.) |
| February 4, 2009 | Defendants served with the Complaint. |
| March 25, 2009 | Defendant ASI files Answer |
| March 30, 2009 | Defendant China Cargo files Answer |
| June 17, 2009 | Plaintiffs file Case Management Statement that estimates wage and medical costs in excess of $242,000.  (Amended NOR Exh. B, attachment 4.b) |
| July 21, 2009 | Plaintiffs respond to China Cargo's request for a Statement of Damages, alleging $1,343,000 in damages (Amended NOR Exh. G.) |
| July 23, 2009 | Plaintiffs provide responses to China Cargo's interrogatories. (Amended NOR Exh. E.)  These interrogatory responses list Benny Wigley as having a Colorado address and driver's license, and contain information that "detailed the fact that on or about November 22, 2007, the Wigleys relocated from Oklahoma to Colorado.  (Motion at 4; Amended NOR Exh. E.) |

JS-6      O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6101 AHM (RCx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | BENNY L. WIGLEY et al. v. AIRCRAFT SERVICE INTERNATIONAL GROUP, INC. et al. | | |

| | Defendants receive Plaintiffs' Statement of Damages. |
|---|---|
| August 20, 2009 | Defendants jointly file a Notice of Removal alleging that this Court has diversity jurisdiction over the action.  In their Notice of Removal, Defendants allege that Plaintiffs are each residents of Colorado, but do not allege citizenship or residence of Plaintiffs.  (NOR ¶ 3.)<br><br>Defendants, in the NOR, contend that they were not on notice that the amount-in-controversy exceeded $75,000 until they received Plaintiff's Statement of Damages on July 23, 2009. (Notice of Removal ¶ 5.)  Specifically, they state:<br><br>    This Notice of Removal is timely filed pursuant to 28 U.S.C. Section 1446(b), as it was filed within thirty (30) days after receipt of plaintiffs Statement of Damages pursuant to California Code of Civil Procedure Section 425.11, which is the date upon which the defendants were first able to ascertain that this action is removable, and within one (1) year of the commencement of this action.<br><br>*(Id.* ¶ 9.)  This was incorrect; *see* below. |
| August 21, 2009 | Plaintiffs inform Defendants (via phone call on 8/21/09 and letter on 8/27/09) that the June 17, 2009 Case Management Statement provided notice that the amount-in-controversy exceeded $75,000   (Motion at 4-5; Cathcart Decl. ¶ 6, Exh. "C" (letter dated August 27, 2009)). |
| September 2, 2009 | Defendants file an "Amended Notice of Removal" conceding that the June 17, 2009 Case Management Statement provided notice of the amount in controversy, but alleging that Defendants did not have notice that Plaintiffs were diverse from Defendants until they received Plaintiffs' interrogatory responses on July 23, 2009. |

JS-6        O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6101 AHM (RCx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | BENNY L. WIGLEY et al. v. AIRCRAFT SERVICE INTERNATIONAL GROUP, INC. et al. | | |

|  | Specifically, the Amended NOR states<br><br>Assuming that the statement in the Case Management Statement was sufficient notice to defendants that the jurisdictional minimum for the amount in controversy existed, defendants nevertheless did not have notice that diversity jurisdiction existed until they received plaintiffs' responses to interrogatories on July 23, 2009.<br><br>(Amended NOR  ¶ 8.)   The Amended NOR alleges that Plaintiffs are each residents of Colorado; it does not allege citizenship or domicile.  (*Id.* ¶ 4.) |
|---|---|
| September 21, 2009 | Court issues Order to Show Cause ("OSC") why the case should not be remanded for lack of jurisdiction because NOR alleges only Plaintiffs' residence and not state of domicile.  The OSC was issued in response to the original NOR. |
| September 25, 2009 | Defendants submit a response to the Courts' OSC re: Removal, stating that Plaintiffs are not only residents of Colorado, but that they are also domiciled there.  Defendants rely on Plaintiffs' interrogatory responses as support for their assertion that "plaintiffs were citizens of Colorado at the time the Notice of Removal was filed."  (Defendants' Response to Order to Show Cause re: Removal at 4.) |

## II.   LEGAL STANDARD FOR DETERMINING WHETHER REMOVAL IS PROPER

A removing defendant must set forth "a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute.  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

JS-6          O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6101 AHM (RCx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | BENNY L. WIGLEY et al. v. AIRCRAFT SERVICE INTERNATIONAL GROUP, INC. et al. | | |

Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty days of receiving the first pleading in the state action that sets forth a removable claim.  However, where removability is uncertain from the initial pleading, the thirty day period begins upon "receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).  The "'thirty day time period [for removal] . . .  starts  to run from defendant's receipt of the initial pleading *only when that pleading affirmatively reveals on its face*' the facts necessary for federal court jurisdiction."  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 690-691 (9th Cir. 2005) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)) (emphasis added).  Thus, "[i]f no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage.  In such a case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id*. at 694.

## III.   DISCUSSION

It is clear that the original NOR was defective because it misstated the date when Defendants learned of the amount-in-controversy.  Thus, the central question is whether the second/amended NOR was timely.  Plaintiffs raise two arguments why this NOR was untimely: (1) Defendants had notice that the case was removable well in advance of when it filed the original NOR, and (2) even if Defendants did not have notice that the case was removable until July 23, 2009 (the date on which Defendants now contend they first received notice that the case was removable), the second NOR is still untimely, because it was filed more than thirty days after July 23, 2009 and cannot be considered an "amendment" to the first NOR (i.e., it doesn't "relate back" to the first).

### A.   When did Defendants have Notice that the Court had Diversity Jurisdiction?

It is undisputed that Defendants had notice that the amount-in-controversy exceeded $75,000 when Defendants received the June 17, 2009 Case Management Statement that estimated wage and medical costs in excess of $242,000.  Motion at 7-9; Amended NOR ¶ 8. Thus, the central dispute is over the question of when Defendants

JS-6          O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6101 AHM (RCx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | BENNY L. WIGLEY et al. v. AIRCRAFT SERVICE INTERNATIONAL GROUP, INC. et al. | | |

had notice that Plaintiffs were citizens of a different state than Defendants.

Plaintiffs argue that Defendants were on notice of Plaintiffs' citizenship before Defendants received the Case Management Statement on June 17, 2009 (which is well over 30 days before Defendants filed their NOR). Plaintiffs argue that Defendants were already on notice that diversity of citizenship existed either (1) when Defendants received the Airport Police Division Injury Report (which included a copy of Mr. Wigley's Oklahoma driver's license) on May 10, 2007, or (2) on January 27, 2007 when the Complaint was filed.

### (1)     Police Injury Report

As to the first point, the Airport Police Division Injury Report contained a copy of only *Mr.* Wigley's driver's license. Thus, even if the Court were to find that Defendants had notice of Mr. Wigley's citizenship in 2007 by virtue of their receipt of the Injury Report, the Injury Report contained no evidence of *Ms.* Wigley's citizenship.

### (2)     Complaint

Plaintiffs argue in the alternative that the original NOR amounts to a "judicial admission" that Defendants believed diversity of citizenship existed at the time the Complaint was filed. That NOR stated that the "date upon which the defendants were first able to ascertain that this action is removable" was when they received Plaintiffs' Statement of Damages on July 23, 2009. NOR ¶¶ 5, 9. Plaintiffs argue that this, by implication, demonstrates Defendants knew that diversity of citizenship existed when they received Plaintiffs' Complaint.

However, Defendants never technically alleged Plaintiffs' citizenship in the NOR—the NOR only states that Plaintiffs are residents of Colorado. In fact, the Court issued an OSC on September 21, 2009 because the original NOR did not allege Plaintiffs' state of domicile/citizenship. Defendants submitted a response to the OSC on September 25, 2009, in which they stated that Plaintiffs were not only residents of Colorado, but that they were also domiciled there. In their response, Defendants relied on Plaintiffs' interrogatory responses as support for their assertion that "plaintiffs were citizens of Colorado at the time the Notice of Removal was filed." Defendant's Response to Order

JS-6          O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6101 AHM (RCx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | BENNY L. WIGLEY et al. v. AIRCRAFT SERVICE INTERNATIONAL GROUP, INC. et al. | | |

to Show Cause re: Removal at 4.  Thus, Defendants argue that they did not have notice of Plaintiffs' citizenship until they received Plaintiffs' interrogatories on July 23, 2009.

On the other hand, it is inconceivable that not until July 23, 3009 did Defendants have a basis to conclude that Plaintiffs were not citizens of the same state as Defendants. The alleged incident occurred while Mr. Wigley was "performing his usual and customary duties as a professional loadmaster at Los Angeles International Airport." Complaint ¶ 6.  This is relevant,  however insufficient it would be as a matter of law to put Defendants on notice that diversity of citizenship exists.  *See* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 894.10 (The Rutter Group 2008) ("A state court complaint that alleges the parties' residence but not their domicile or citizenship is not removable on the ground of diversity . . . regardless of possible 'clues' to their citizenship.") (citing *Harris v. Bankers Life & Cas. Co.*, 429 F.3d 689 (9th Cir. 2005).

Thus, I will assume July 23, 2009 was the first date upon which Defendants had notice that diversity was present and that the action was removable.  Nevertheless, for the reasons described below, the "amended" NOR (filed September 2, 2009) is still untimely.

### B.   Should the Court Permit Defendants to Amend their Original Notice of Removal?

Assuming that July 23, 2009 was the first date that Defendants had notice that the action was removable, Defendants' second NOR (filed on September 2, 2009) would still be untimely *unless* it constitutes an amendment of the original NOR.   Plaintiffs argue that Defendants' second NOR goes beyond correcting mere technical deficiencies and thus should be considered a second, untimely NOR, rather than an amendment to the first NOR (which was timely but nonetheless defective).

"Under 28 U.S.C. § 1653, [courts] have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002).  Section 1653 is to be read "in conjunction with Rule 15(a) [to] allow[] defective allegations of jurisdiction to be amended "by leave of court ... and leave shall be freely given when justice so requires." *Swartz v. Prudential Healthcare, Inc.*, 78 Fed. Appx. 598, 599 (9th Cir. 2003).

JS-6          O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6101 AHM (RCx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | BENNY L. WIGLEY et al. v. AIRCRAFT SERVICE INTERNATIONAL GROUP, INC. et al. | | |

However, "[t]he Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'" *ARCO Environmental Remediation, L.L.C. v. Dep't of Health*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988)).  A NOR may be amended "only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice." 14C Wright, Miller & Moore, Federal Practice & Procedure § 3733 at 358.  An amendment "may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount. *Id.  See also Snell,* 316 F.3d at 824 (holding that a district court abuses its discretion when it dismisses an action solely because a plaintiff incorrectly pled diversity of residence, when it is undisputed that actual diversity of citizenship exists).  However "[c]ompletely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished[.]"  14C Wright, Miller & Moore, Federal Practice & Procedure § 3733 at 361.  Thus, an amendment may not change the basis of removal jurisdiction from diversity to federal question or vice versa.  *See id.* at 361 fn. 19 (collecting cases).

The amended NOR in this case may not properly be characterized as adding a "missing allegation" that goes beyond a mere technical omission.  Defendants are not seeking to merely change the amount in controversy or correct a defective allegation of citizenship; they are changing their own representations as to when they obtained knowledge warranting removal.  "Leave to amend should be granted where the defect can be cured simply by fuller pleading and there is no question that jurisdiction in fact exists; i.e., "formal" defects." 8 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 524 (The Rutter Group 2009).  The defect in the original NOR was more than a "formal" one—it was a defect in substance; the factual basis for removal was misstated.

Accordingly, Plaintiffs' Motion to Remand is GRANTED, and the case is remanded to Los Angeles Superior Court.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

JS-6        O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6101 AHM (RCx) | Date | November 30, 2009 |
|---|---|---|---|
| Title | BENNY L. WIGLEY et al. v. AIRCRAFT SERVICE INTERNATIONAL GROUP, INC. et al. | | |

                                                    : _____

Initials of Preparer      se